United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| KERINA HUYNH,<br>Plaintiff,<br>v.<br>APPRADAR, an unknown entity d/b/a AppRadar,<br>Defendant. | Case No. 26-cv-09461-BLF<br><br>**ORDER DENYING PLAINTIFF'S *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER**<br><br>[Re: ECF 6] |

Plaintiff Kerina Huynh has filed an *ex parte* application for a temporary restraining order ("TRO") and an order to show cause why a preliminary injunction should not issue, seeking to enjoin Defendant AppRadar from dissipating assets held in certain cryptocurrency wallets. *See* Applic. for TRO, ECF 6.

In this district, an application for a TRO must be accompanied by (1) a copy of the complaint, (2) a memorandum of points and authorities, (3) a proposed temporary restraining order and order to show cause, (4) other supporting documents, and (5) a declaration of counsel certifying that notice has been provided to the opposing party or explaining why notice was not provided. *See* Civ. L.R. 65-1(a). Plaintiff has not filed a proposed order (item 3) or a declaration of counsel (item 5). Where, as here, a TRO application is filed without notice to the opposing party, Federal Rule of Civil Procedure 65(b)(1) also requires that "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). As noted, Plaintiff has not submitted a declaration or other certification of counsel regarding notice. Plaintiff's application is DENIED based on those procedural defects.

United States District Court
Northern District of California

Plaintiff's application is so bare bones that it likely would not support issuance of a TRO even if the Court were to consider it on the merits. Plaintiff asserts claims for (1) fraud, (2) conversion, (3) unjust enrichment, (4) constructive trust, and (5) violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq*. *See* Compl., ECF 1. In order to obtain a TRO, Plaintiff must demonstrate that she is likely to succeed on the merits of at least one of those claims, she is likely to suffer irreparable harm absent injunctive relief, the balance of equities tips in her favor, and an injunction is in the public interest. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (setting forth requirements for obtaining preliminary injunction); *Washington v. Trump*, 847 F.3d 1151, 1159 n.3 (9th Cir. 2017) (stating that legal standards applicable to TROs and preliminary injunctions are "substantially identical"). Plaintiff has not recited the elements of any of her claims, nor attempted to show that each such element is satisfied here. Moreover, it is unclear from Plaintiff's declaration how much money Plaintiff actually deposited in a cryptocurrency wallet beyond the initial $50 referenced in her TRO application. Accordingly, it does not appear that Plaintiff has made the requisite showing on the first two *Winter* factors.

**ORDER**

(1) Plaintiff's *ex parte* application for a TRO is DENIED. This ruling is without prejudice to a motion for a preliminary injunction. Any such motion must comply with this district's Civil Local Rules and be adequately supported.

(2) This order TERMINATES ECF 6.

Dated: September 3, 2026

BETH LABSON FREEMAN
United States District Judge